# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Miguel Guerrero, Norma Guerrero, | § | |
| Cindy Hernandez, individually and as next | § | |
| friend of D.H., M.H., S.H., and J.H., | § | |
| Juan Hernandez, Sr., Guadalupe De Leon, | § | |
| individually and as next friend of A.D., | § | |
| Eleazar De Leon, Abel De Leon, | § | |
| Maria Martinez, individually and as next | § | |
| friend of C.S., Jose Mora-Rodriguez, | § | |
| Maria Saldaña, San Juanita Saldaña, | § | |
| individually and as next friend of A.T., F.T., | § | |
| and E.M., Marciano Martinez, | § | |
| Ruby Martinez, and Marlene Treviño, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:09-cv-149 |
| | § | |
| Papen Farms, Inc., John C. Papen, and | § | |
| Richard G. Papen, | § | Jury Trial Requested |
| | § | |
| Defendants. | § | |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.    Plaintiffs are farmworkers and their family members from Texas who, over various seasons, performed agricultural work for Defendants Papen Farms, Inc. ("Papen Farms"), John C. Papen ("John Papen"), Richard G. Papen ("Richard Papen") at Papen Farms in Kent County, Delaware and/or who lived in their housing.

2.    Plaintiffs complain, inter alia, that they were housed in severely substandard housing and that they were not paid the minimum wage and overtime for all hours they worked.

Complaint
Page 1 of 13

## II.  JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (conferring jurisdiction over claims arising under the laws of the United States) and under 28 U.S.C. § 1337 (conferring jurisdiction over claims arising under Acts of Congress regulating commerce)

4.     The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 1854(a)..

5.     This Court has supplemental jurisdiction over the state law claims, under 28 U.S.C. § 1367, because they are so related to the federal claims that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution.

6.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Tex. Civ. Prac. & Rem. Code §§37.001-.011.

7.     This Court has personal jurisdiction over Defendants and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 29 U.S.C. § 1854(a).

## III.  THE PARTIES

8.     Plaintiffs Miguel Guerrero and Norma Guerrero are residents of Willacy County, Texas.

9.     Upon information and belief, Plaintiffs Miguel Guerrero and Norma Guerrero were recruited by Defendants to perform agricultural work for them in Delaware for at least the 2004-2007 seasons.

10.    Upon information and belief, Plaintiffs Miguel Guerrero and Norma Guerrero were housed by Defendants during at least the 2004-2007 seasons.

11.    Plaintiffs Cindy Hernandez, Juan Hernandez, Sr., and their minor children, D.H. M.H., S.H., and J.H., (collectively referred to as "the Hernandez Plaintiffs") are residents

Complaint
Page 2 of 13

of Hidalgo County, Texas.  Cindy Hernandez brings this lawsuit on her own behalf and as next friend of Plaintiffs D.H. M.H., S.H., and J.H.

12.   Plaintiffs Cindy Hernandez and Juan Hernandez, Sr. were recruited in Texas by Defendants to perform agricultural work in Delaware for the 2007 season.

13.   The Hernandez Plaintiffs were housed by Defendants during the 2007 season.

14.   Plaintiffs María Martinez, José Mora-Rodriguez, and María Martinez's minor child C.S., are residents of Hidalgo County, Texas.  Maria Martinez brings this lawsuit on her own behalf and as next friend of Plaintiff C.S.

15.   Plaintiff María Martinez was recruited in Texas by Defendants to perform agricultural work for them in Delaware for the 1999-2007 seasons.

16.   Plaintiff María Martinez was housed by Defendants during the 1999-2007 seasons.

17.   Plaintiff C.S. was housed by Defendants during the 2001-2007 seasons.

18.   Plaintiff José Mora-Rodriguez was recruited in Texas by Defendants to perform agricultural work for them in Delaware for the 2004-2007 seasons.

19.   Plaintiff José Mora-Rodriguez was housed by Defendants during the 2004-2007 seasons.

20.   Plaintiffs Guadalupe De Leon and Eleazar De Leon and their children A.D. and Abel De Leon (collectively referred to as "the De Leon Plaintiffs") are residents of Hidalgo County, Texas.  Guadalupe De Leon brings this lawsuit on her own behalf and as next friend of Plaintiff A.D.

21.   Plaintiffs Guadalupe De Leon and Eleazar De Leon were recruited by Defendants to perform agricultural work for them in Delaware for the 1990-2006 seasons.

22.    The De Leon Plaintiffs were housed by Defendants during the 1990-2006 seasons except that A.D. was not housed during the 1990-1992 seasons.

23.    Plaintiff María Saldaña is a resident of Starr County, Texas.

24.    Plaintiff María Saldaña were recruited by Defendants to perform agricultural work for them in Delaware for the 2002-2006 seasons.

25.    Plaintiff María Saldaña was housed by Defendants during the 2002-2006 seasons.

26.    Plaintiff San Juanita Saldaña and her children Marciano Martinez, Ruby Martinez, A.T., F.T., and E.M. are residents of Cherokee County, Texas.  San Juanita Saldaña brings this lawsuit on her own behalf and as next friend of Plaintiffs A.T., F.T., and E.M.

27.    Plaintiff San Juanita Saldaña was recruited by Defendants to perform agricultural work for them in Delaware for the 2002-2007 seasons.

28.    Plaintiffs Marciano Martinez and Ruby Martinez were recruited by Defendants to perform agricultural work for them in Delaware for the 2004-2007 seasons.

29.    Plaintiffs San Juanita Saldaña, Marciano Martinez, Ruby Martinez, and E.M. were housed by Defendants during the 2002-2007 seasons.

30.    Plaintiff F.T. was housed by Defendants during the 2002-2007 seasons.

31.    Plaintiff A.T. was housed by Defendants during the 2006-2007 seasons.

32.    Plaintiff Marlene Treviño is a resident of Starr County, Texas.

33.    Plaintiff Marlene Treviño was recruited by Defendants to perform agricultural work for them in Delaware for the 2007 season.

34.    Plaintiff Marlene Treviño was housed by Defendants during the 2007 season.

35.    Plaintiffs Cindy Hernandez, Juan Hernandez, Sr., María Martinez, José Mora-Rodriguez, Guadalupe De Leon, Eleazar De Leon, María Saldaña, Guadalupe Saldaña, San

Complaint
Page 4 of 13

Juanita Saldaña, Marciano Martinez, Ruby Martinez, Marlene Treviño, Norma Guerrero, and Miguel Guerrero, who worked for Defendants are referred to collectively as "Working Plaintiffs".

36.    Defendant Papen Farms, Inc. ("Papen Farms") is a Delaware corporation headquartered at 847 Papen Lane, Dover, Delaware 19904.

37.    Papen Farms grows, harvests, packs, and sells vegetables, including cabbages, corn, cucumbers, and green beans for sale in interstate commerce.

38.    Papen Farms is operated by John C. Papen and Richard G. Papen.

39.    Papen Farms may be served with process through its registered agent, the law firm of Schmittinger and Rodriguez, PA at 414 South State Street, Dover, DE 19901.

40.    Defendant John C. Papen is an individual who resides in Kent County, Delaware. John Papen is the President of Papen Farms.

41.    Defendant Richard G. Papen is an individual who resides in Kent County, Delaware.  Richard Papen is the Vice-President of Papen Farms.

## IV.    STATEMENT OF FACTS

42.    All actions herein were undertaken by Defendants directly and/or through their agents within the scope of their agency authority unless specified otherwise.

43.    The facts below are relevant to each season and to each Plaintiff that worked for Defendants and/or was housed by Defendants in that season as specified above.

44.    Defendants recruited Working Plaintiffs out of Texas to work for them at Papen Farms in the Dover, Delaware area.

45.    Defendants recruitment practices including calling Working Plaintiffs at their homes in Texas and offering them employment and housing in Delaware.

46.     Defendants failed to disclose to Working Plaintiffs in writing, and at the time of recruitment, their terms and conditions of employment.

47.     Defendants and Working Plaintiffs entered into working arrangements and contracts.

48.     These working arrangements and contracts were entered into in Texas.

49.     The working arrangements and contracts called for Plaintiffs to travel from their homes in Texas to Delaware to work for Defendants.

50.     Based upon promises made by Defendants, Plaintiffs traveled over eighteen hundred miles from their homes in the Rio Grande Valley to Delaware.

51.     At all times relevant to this action, Papen Farms was an enterprise engaged in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

52.     At all times relevant to this action, Defendants were agricultural employers within the meaning of 29 U.S.C. § 1802(2).

53.     At all times relevant to this action, Defendants were employers of Working Plaintiffs within the meaning of 29 U.S.C. § 203(d).

54.      At all times relevant to this action, Defendants employed Working Plaintiffs within the meaning of 29 U.S.C. § 203(g).

55.     Working Plaintiffs paid their subsistence and travel expenses which they incurred while traveling to Delaware.

56.     Such fees and expenses were Working Plaintiffs' necessary expenditures which were incurred primarily for the benefit or convenience of Defendants, as defined by 29 C.F.R. §§ 531.32(c) and 778.217.

57.   Working Plaintiffs made the aforesaid expenditures before receipt of his or her first pay check from Defendants.

58.   Defendants did not reimburse Working Plaintiffs for their aforesaid in-bound travel and subsistence expenditures.

59.   Defendants' failures to reimburse Working Plaintiffs for the aforesaid expenditures brought Working Plaintiffs' first week's wages below the minimum wage for each hour worked.

60.   Plaintiffs were housed in labor camps and other housing owned or controlled by Defendants.

61.   Working Plaintiffs were not paid for all of their hours worked in accordance with their working arrangements and contracts.

62.   Working Plaintiffs were not paid the minimum wage for each hour they worked.

63.   Working Plaintiffs were not paid overtime wages as required by the FLSA for weeks in which they worked over 40 hours.

64.   At the end of the season, Working Plaintiffs paid their out-bound subsistence and travel expenses incurred while traveling home to Texas.

65.   Such out-bound fees and expenses were Working Plaintiffs' necessary expenditures which were incurred primarily for the benefit or convenience of Defendants as defined by 29 C.F.R. §§ 531.32(c) and 778.217.

66.   Defendants did not pay for or reimburse Working Plaintiffs for their aforesaid out-bound expenditures.

67. Defendants' failures to reimburse Working Plaintiffs for the aforesaid expenditures brought Working Plaintiffs' last week's wages below the minimum wage for each hour worked.

68. At all relevant times, Working Plaintiffs were ready to, and in fact did, comply with the terms of their working arrangements and contracts.

69. Since 2003, Papen Farms has been cited at least three times by the United States Department of Labor (USDOL).

70. For example, in 2003, Papen Farms was cited for, among other things, providing migrant agricultural worker camp conditions that violated state and federal regulations.

71. During the 2007 season, some Plaintiffs became ill due to poor migrant camp conditions.

72. Defendants provided housing to Plaintiffs which was, among other things, overcrowded and unsanitary.

73. Upon information and belief, Defendants knowingly provided drinking water to Plaintiffs which was not potable and unsafe and which led to illness among the Plaintiffs.

74. As a result of Defendants' provision of the non potable water, Plaintiffs, including adults and children, suffered physical injury, pain, suffering and/or humiliation.

75. In 2007 the USDOL inspected some of Defendants' housing and concluded that the housing did not comply with applicable health and safety standards.

76. After the inspection, Defendants shut off utilities and evicted the occupants, including some Plaintiffs.

77. Defendants failed to provide suitable, free replacement housing to various Plaintiffs after the camp was closed.

78.   Defendants also fired some Plaintiffs at that time.

79.   In July 2008, USDOL cited and fined Defendants for, among other things, violating state and federal migrant agricultural worker camp conditions.

80.   Plaintiffs made a good faith effort to settle this dispute with all Defendants prior to filing these claims.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### FAIR LABOR STANDARDS ACT (FLSA)

81.   Plaintiffs incorporate each of the allegations contained in all of the preceding paragraphs by reference herein.

82.   By failing to pay Working Plaintiffs the minimum wage for each hour worked in each work week, Defendants violated 29 U.S.C. § 206(a).

83.   By failing to pay Working Plaintiffs time and a half their regular rate of pay for hours they worked in excess of 40 per work week, Defendants violated 29 U.S.C. §207(a).

84.   Defendants' violations set out in this Count were willful within the meaning of 29 U.S.C. § 255(a).

85.   Pursuant to 29 U.S.C. § 216(b), Working Plaintiffs are entitled to recover from Defendants their unpaid minimum and overtime wages, and additional and equal amounts as their liquidated damages, as well as their litigation costs.  Plaintiffs further seek a declaratory judgment stating that Defendants violated Working Plaintiffs' rights under the FLSA.

## SECOND CAUSE OF ACTION:

## AGRICULTURAL WORKER PROTECTION ACT (AWPA)

86.    Plaintiffs incorporate each of the allegations contained in all of the preceding paragraphs of this Complaint by reference herein.

87.    Defendants intentionally engaged in conduct, the consequence of which was the violation the Plaintiffs' rights, in violation of the AWPA, by:

      (a)    failing to abide by the posting requirements regarding the rights afforded by the AWPA as required by 29 U.S.C. §§ 1821(b) and (g);

      (b)    failing to abide by the posting requirements regarding the terms and conditions of occupancy of migrant agricultural housing as required by 29 U.S.C. §§ 1821(c) and (g);

      (c)    providing housing that failed to comply with substantive federal and state safety and health standards, in violation of 29 U.S.C. § 1823(a);

      (d)    providing housing without first securing and posting a certification that the housing met minimum safety and health standards, in violation of 29 U.S.C. § 1823(b);

88.    Defendants intentionally engaged in conduct, the consequence of which was the violation the Working Plaintiffs' rights, in violation of the AWPA, by:

      (a)    failing to provide written disclosures to migrant agricultural workers, at the time of the workers' recruitment,  regarding the working arrangement as required by 29 U.S.C. §§ 1821(a) and (g);

      (b)    failing to make, keep and preserve proper payroll records, for each worker and each pay period, in violation of 29 U.S.C. § 1821(d)(1);

    (c)   failing to provide each employee with an itemized written wage statement for each pay period containing the data required by 29 U.S.C. § 1821(d)(2);

    (d)   knowingly providing false or misleading information concerning the terms, conditions or existence of agricultural employment, in violation of 29 U.S.C. § 1821(f);

    (e)   failing to pay wages when due under state and federal law, in violation of 29 U.S.C. § 1822 (a);

    (f)   violating, without justification, the terms of the working arrangement, in violation of 29 U.S.C. § 1822(c);

89.   As a result of Defendants' violations of the AWPA, as set out in this claim and in all preceding paragraphs, Plaintiffs suffered damages.

90.   Pursuant to 29 U.S.C. § 1854, each Plaintiff is each entitled to recover his or her actual damages, or up to $500.00 in statutory damages, for each AWPA violation for each season.  Plaintiffs further seek a declaratory judgment stating that Defendants violated Working Plaintiffs' rights under the FLSA.

## THIRD CAUSE OF ACTION:

### BREACH OF CONTRACT

91.   Plaintiffs incorporate each of the allegations contained in all of the preceding paragraphs by reference herein.

92.   Defendants entered into contracts with Working Plaintiffs in the State of Texas.

93.   Defendants offered work on certain terms to Working Plaintiffs and Working Plaintiffs accepted these offers.

94.   Working Plaintiffs performed their obligations under these contracts.

95.   Defendants materially breached their contracts with Working Plaintiffs by failing, among other things, to provide Working Plaintiffs the employment, pay, hours, compensation and/or family housing promised, as described above.

96.   As an actual and direct consequence of Defendants' breach of contract, Working Plaintiffs suffered damages and economic injury.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

(a)   Declare that Defendants have breached their contracts with Plaintiffs and violated Plaintiffs' rights under the FLSA and under the AWPA, as specified above;

(b)   Award Plaintiffs the greater of their actual damages or statutory damages in the amount of $500 per person per violation for each of Defendants' violations of the AWPA in each season;

(c)   Award Working Plaintiffs their unpaid minimum and overtime wages and an equal amount of liquidated damages for Defendants' violations of the FLSA;

(d)   Award Working Plaintiffs their actual, incidental, and consequential damages for Defendants' breaches of contract;

(e)   Permanently enjoin each Defendant from further violations of the AWPA and FLSA;

(f)   Award Plaintiffs pre- and post-judgment interest as allowed by law;

(g)   Award Plaintiffs their reasonable expenses and costs of court; and

Complaint
Page 12 of 13

      (h)      Award Plaintiffs such other relief that is just and proper

Respectfully Submitted,

  s/Nathaniel Norton         
Nathaniel Norton
Texas Bar I.D. No. 24037196
S.D. No. 33422
Texas RioGrande Legal Aid, Inc.
300 South Texas Boulevard
Weslaco, Texas 78596
Tel: (956) 447-4800
Fax: (956) 968-8823
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar I.D. No. 17572100
S.D. No. 12600
Texas RioGrande Legal Aid, Inc.
300 South Texas Boulevard
Weslaco, Texas 78596
Tel: (956) 447-4800
Fax: (956) 968-8823
Co-Counsel for Plaintiffs

Daniela Dwyer, Esq.
Texas Bar No. 24040842
*Pro Hac Vice* motion to be filed
The Legal Aid Bureau, Inc.
Farmworker Division
500 E. Lexington St.
Baltimore, MD 21202
Tel. No. (410) 951-7815
Fax No. (410) 685-6951
ddwyer@mdlab.org
Co-Counsel for Plaintiffs.

Complaint
Page 13 of 13